IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA | INDICTMENT |
| v. | Case No. 14 CR 125 WMC |
| | 18 U.S.C. § 371 |
| SCOTT A. SWID and<br>JODI L. SWID, | 26 U.S.C. § 7206(1) |
| Defendants. | |

THE GRAND JURY CHARGES:

## COUNT 1

1.   At times relevant to this indictment:

   (a)   Defendant SCOTT A. SWID was a licensed attorney practicing in Wisconsin. Defendant SCOTT A. SWID worked full time at his law firm called Swid Law Offices, LLC ("firm"). Defendant SCOTT A. SWID supervised the firm's attorneys and support staff.

   (b)   Defendant JODI L. SWID was the firm's bookkeeper, whose duties included handling payroll, paying business expenses, reconciling the corporate bank account, and maintaining the general ledger on Quickbooks, a bookkeeping software program.

   (c)   The firm received receipts, including payments of legal fees by clients in the form of checks, payments of legal fees by clients in the form of barter, and payment of referral fees from other attorneys in the form of checks.

   (d)   The firm had offices in both Mosinee and Stratford, Wisconsin. The firm maintained business bank accounts at River Valley Bank ("RVB") and Advantage

Community Bank ("ACB"). The defendants had personal bank accounts at RVB and Marshal and Illsley ("M&I") Bank.

(e) The firm's billing administrator's duties included issuing client bills, tracking client payments, and depositing such payments into the firm's business account. In support of these duties, the billing administrator used production charts and a software program called Timeslips, which, among other functions, maintained records of client bills and payments. The billing administrator's duties also included emailing defendant JODI L. SWID and defendant SCOTT A. SWID details of daily deposits.

(f) A tax preparer prepared the 2007, 2008, and 2009, income tax returns for the defendants. Defendants provided the tax return preparer with documents supporting Schedule A itemized deductions and Schedule B interest and dividends. Defendants provided the tax preparer with Quickbooks records for preparation of Schedule C reporting of the firm's income and expenses, but did not provide bank documents for their personal or business accounts.

(g) The Internal Revenue Service ("IRS"), an agency of the United States Department of Treasury, was responsible for administering and enforcing the tax laws of the United States, including the ascertainment, computation, assessment, and collection of federal taxes from companies and individuals.

2. From in or about January 2007 to in or about April 2010 in the Western District of Wisconsin, the defendants,

                SCOTT A. SWID and
                JODI L. SWID,

knowingly conspired with each other, and with other persons unknown to the Grand Jury, to defraud the United States by impeding, impairing, obstructing, and defrauding the lawful governmental functions of the IRS, by deceit, and by dishonest means, in the ascertainment, computation, assessment, and collection of revenue, specifically income taxes.

## Manner and Means

The manner and means by which the conspiracy was sought to be accomplished included, among others, the following:

3.      It was part of the conspiracy that JODI L. SWID maintained ACB as the firm's sole business account in Quickbooks. It was a part of the conspiracy that the defendants engaged in a skim of the firm's business receipts by depositing client checks and attorney referral payments into two different skim accounts -- a former business account at RVB, and a personal account at M&I.

4.      It was further part of the conspiracy that the defendants bypassed the firm's usual recordkeeping procedures to ensure that the skimmed business receipts were not recorded in Quickbooks. Defendant SCOTT A. SWID did not provide the billing administrator with copies of skimmed checks or the deposit tickets for the billing administrator to update on Timeslips and daily production charts. On occasion, SCOTT A. SWID instructed the billing administrator to bring to the bank a closed bank bag or closed envelope containing the skimmed checks, and instructed the billing administrator that the contents of the bags and envelopes were not her concern. Defendant SCOTT A. SWID instructed the billing administrator to provide the bag or envelope to the teller, and to direct any questions from the teller to SCOTT A. SWID.

Defendant SCOTT A. SWID further instructed the billing administrator that she was to deliver the bag or envelope to SCOTT A. SWID personally or to his office upon her return from the bank. On occasion, defendant SCOTT A. SWID instructed the billing administrator to leave the bag or envelope on the desk of JODI L. SWID.

5. It was further part of the conspiracy that defendant SCOTT A. SWID circumvented the firm's usual practice of reporting client payments with supporting records of deposit into the ACB account when updating Timeslips and production charts. Defendant SCOTT A. SWID frequently told the billing administrator that certain clients had paid him and that he had made the deposits on his own. In such instances, the billing administrator was required to credit the client accounts based upon defendant SCOTT A. SWID's assurances rather than records of payment. In such instances, the billing administrator recorded the payment in Timeslips as made "per SAS," until defendant SCOTT A. SWID instructed her to discontinue such practice.

6. It was further part of the conspiracy that defendant SCOTT A. SWID sometimes accepted payment for legal services in barter, but did not provide evidence of such payment to the billing administrator. Further, defendant JODI L. SWID omitted such payment in Quickbooks, and failed to provide evidence of such payment to the tax preparer. Further, the defendants failed to report such payment as gross receipts to the IRS.

7. It was further part of the conspiracy that the defendants transferred portions of skimmed proceeds from RVB into the ACB business account and disguised such transfers as owner contributions of capital.

4

8. It was further part of the conspiracy that the defendants provided false and incomplete business records to their tax return preparer for preparation of their 2007, 2008, and 2009 income tax returns. The defendants did not provide the tax return preparer with information or documentation regarding either the client payments or the attorney referral payments that had been made into the RVB and M&I skim accounts.

9. It was further part of the conspiracy that the defendants signed and filed with the IRS false Forms 1040, United States Income Tax Returns, for calendar years 2007, 2008, and 2009, which underreported gross receipts by approximately $159,000.

## Overt Acts

10. In furtherance of the conspiracy and to accomplish its objectives, the following overt acts were committed in the Western District of Wisconsin, and elsewhere:

    (a) On or about January 11, 2007, defendant JODI L. SWID deposited and caused to be deposited a client payment, drawn from the firm's trust account, in the amount of $1,500, into the RVB account.

    (b) On or about September 25, 2007, defendant SCOTT A. SWID accepted a new Ford Expedition as compensation for legal services.

    (c) On or about January 24, 2008, defendant SCOTT A. SWID deposited and caused to be deposited an attorney referral payment in the amount of $5,416.67 into a personal account at M&I.

    (d) On or about April 15, 2008, the defendants SCOTT A. SWID and JODI L. SWID signed and filed with the IRS, a false 2007 Form 1040, Schedule C, which failed to report all of the firm's gross receipts for 2007.

(e) On or about February 4, 2009, defendant JODI L. SWID made an entry into Quickbooks classifying a transfer of $13,000 from the RVB account to the ACB account as "Owner's Capital."

(f) On or about April 15, 2009, defendants SCOTT A. SWID and JODI L. SWID signed and filed with the IRS, a false 2008 Form 1040, Schedule C, which failed to report all of the firm's gross receipts for 2008.

(g) On or about September 24, 2009, defendant SCOTT A. SWID deposited and caused to be deposited an attorney referral payment in the amount of $23,888.89 into a personal account at M&I.

(h) On or about January 18, 2010, defendant JODI L. SWID made an entry into Quickbooks classifying a transfer of $9,000 from the RVB account to the ACB account as "Owner's Capital."

(i) On or about April 15, 2010, defendants SCOTT A. SWID and JODI L. SWID signed and filed with the IRS, a false 2009 Form 1040, Schedule C, which failed to report all of the firm's gross receipts for 2009.

(All in violation of Title 18, United States Code, Section 371).

## COUNT 2

On or about April 15, 2008, in the Western District of Wisconsin, the defendants,

SCOTT A. SWID and
JODI L. SWID,

willfully made and subscribed, and caused to be made, prepared, signed, and subscribed, a United States Tax Return, Form 1040, for the calendar year 2007, which contained a written declaration that it was made under penalties of perjury, and was

filed with the Internal Revenue Service, which income tax return each defendant did not believe to be true and correct as to every material matter, in that on Schedule C, Part 1, Line 1, the defendants reported gross receipts or sales for Swid Law Offices, LLC, of $463,128, when each defendant then knew that the gross receipts for Swid Law Offices, LLC, were greater than those stated on the return.

(In violation of Title 26, United States Code, Section 7206(1)).

## COUNT 3

On or about April 15, 2009, in the Western District of Wisconsin, the defendants,

SCOTT A. SWID and
JODI L. SWID,

willfully made and subscribed, and caused to be made, prepared, signed, and subscribed, a United States Tax Return, Form 1040, for the calendar year 2008, which contained a written declaration that it was made under penalties of perjury, and was filed with the Internal Revenue Service, which income tax return each defendant did not believe to be true and correct as to every material matter, in that on Schedule C, Part 1, Line 1, the defendants reported gross receipts or sales for Swid Law Offices, LLC, of $521,269, when each defendant then knew that the gross receipts for Swid Law Offices, LLC, were greater than those stated on the return.

(In violation of Title 26, United States Code, Section 7206(1)).

## COUNT 4

On or about April 15, 2010, in the Western District of Wisconsin, the defendants,

SCOTT A. SWID and
JODI L. SWID,

7

willfully made and subscribed, and caused to be made, prepared, signed, and subscribed, a United States Tax Return, Form 1040, for the calendar year 2009, which contained a written declaration that it was made under penalties of perjury, and was filed with the Internal Revenue Service, which income tax return each defendant did not believe to be true and correct as to every material matter, in that on Schedule C, Part 1, Line 1, the defendants reported gross receipts or sales for Swid Law Offices, LLC, of $461,512, when each defendant then knew that the gross receipts for Swid Law Offices, LLC, were greater than those stated on the return.

(In violation of Title 26, United States Code, Section 7206(1)).

A TRUE BILL

_____
PRESIDING JUROR

_____
JOHN W. VAUDREUIL
United States Attorney

Indictment returned: 12/17/2014

8